1

2

3

4

5

6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   JAMES R. ROSENBERGER and GLORI W.
    ROSENBERGER, individually,

8                                    Plaintiff(s),

9

10           v.

11  WELLS FARGO HOME MORTGAGE,

12                                   Defendant(s).

Case No. 2:15-CV-2107 JCM (VCF)

ORDER

13

14   Presently before the court is plaintiffs' motion for a preliminary injunction prohibiting sale

15  of real property under notice of default pending hearing on the merits.  (Doc. # 1).  Defendant filed

16  an opposition (Doc. #9); plaintiffs did not file a reply.

17  **I.      Background**

18   Plaintiffs James and Glori Rosenberger executed a promissory note and deed of trust in favor

19  of Taylor, Bean, & Whitaker Mortgage Corp. in the amount of $181,000.00 on December 23,

20  2003, in order to finance the real property located at 1850 Wellington Court, Henderson, Nevada

21  89014 (the "property"). (Doc. #8 Exh. A). On or about April 15, 2008, Taylor, Bean, & Whitaker

22  Mortgage Corp. executed an assignment of the deed of trust to Wells Fargo Bank, N.A. successor

23  by merger to Wells Fargo Home Mortgage Inc., which was recorded on April 22, 2008. (Doc. #8

24  Exh. B). Sometime thereafter, plaintiffs "fell behind in their mortgage payments due to financial

25  hardship." (Compl. ¶ 8).

26   As a result of plaintiffs' default and failure to meet their mortgage obligations, defendant

27  recorded a notice of default and election to sell under the deed of trust on the property on June 24,

28  2015. (Doc. #8 Exh. C). It appears that plaintiffs elected to participate in the Nevada foreclosure

**James C. Mahan**
**U.S. District Judge**

1   mediation program. Ultimately, however, defendant received its State of Nevada foreclosure

2   mediation certificate on September 11, 2015, stating that the beneficiary could proceed with the

3   foreclosure process. (Doc. #8 Exh. D). Defendant recorded its notice of trustee's sale on September

4   28, 2015. (Doc. #8 Exh. E).

5       On October 22, 2015, plaintiffs received a call from the defendant informing them that it was

6   foreclosing on the property on October 23, 2015. In their motion for preliminary injunction,

7   plaintiffs claim that their counsel did not receive any prior notification from defendant before the

8   October 22 phone conversation. (Doc. #1-2 Exh. 1).

9       Plaintiffs initiated suit in the Eighth Judicial District Court for Clark County, Nevada and filed

10  motions for a temporary restraining order and a preliminary injunction. (Doc. #1-2). The district

11  court judge granted plaintiffs' motion for temporary restraining order prior to defendant's receipt

12  of a summons and complaint. Defendant removed the case (doc. #1), and filed its reply to the

13  motion for preliminary injunction on November 25, 2015. (Doc. #1). Defendant claims that it still

14  has not received a summons and complaint from plaintiff. (Doc. #9). There has not been a

15  foreclosure on the house to date. (Doc. #9).

16  **II.    Legal Standard**

17      "Injunctive relief is an extraordinary remedy and it will not be granted absent a showing of

18  probable success on the merits and the possibility of irreparable injury should it not be granted."

19  *Shelton v. Nat'l Collegiate Athletic Assoc.*, 539 F.2d 1197, 1199 (9th Cir. 1976). The Supreme

20  Court has instructed that courts must consider the following elements in determining whether to

21  issue a preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of

22  irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement

23  of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). The test is conjunctive; the party

24  seeking the injunction carries the burden of persuasion with regard to each element.

25      Additionally, post-*Winter*, the Ninth Circuit has maintained its serious question and sliding

26  scale test. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011). "Under

27  this approach, the elements of the preliminary injunction test are balanced, so that a stronger

28  showing of one element may offset a weaker showing of another." Id. at 1131. "Serious questions

James C. Mahan
U.S. District Judge

going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135 (quotations omitted).

### III.  Discussion

#### a.  Likelihood of success on the merits

Plaintiffs allege no viable ground for which this court may enjoin the defendant. In arguing for a preliminary injunction, defendant fails to meet its burden to demonstrate that it has "a likelihood of success on the merits." The only claim brought in plaintiffs' complaint is for injunctive relief, requesting this court to enjoin defendant from foreclosing on the property. Injunctive relief, however, is neither a separate cause of action nor an independent ground for relief. *See e.g., In re Wal-Mart Wage & Hour Employment Practices Litig*., 490 F.Supp.2d 1091, 1130 (D. Nev. 2007) Plaintiffs have no likelihood of success in obtaining injunctive relieve if they cannot demonstrate a meritorious claim.

Plaintiffs' complaint, as it currently stands, simply does not set forth facts sufficient to establish a claim for relief. In their compliant, plaintiffs confess that they "fell behind in their mortgage payments due to financial hardship" and thus defaulted on their loan. (Compl. ¶ 8). Plaintiffs' admitted default prohibits them from enjoining the foreclosure. *See Guertin v. One W. Bank, FSB*, No. 2:11-CV-01531-JCM-PAL, 2012 WL 727352, at *5 (D. Nev. Mar. 6, 2012). Foreclosure on a home is the unfortunate but lawful result when homeowners default on their payments.

Whether the notification and foreclosure procedures were properly adhered to is a different question, one that is not adequately addressed in the complaint. In their motion for preliminary injunction, plaintiffs allude to the idea that they did not receive adequate notice, stating "all the elements of unfair lending practices under NRS 598D.100 and improper notice of Trustee Sales under NRS 107.080 are present." (Doc. #1-2 Exh. 1). This, however, is not indicated in the complaint. Even if it were, a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

James C. Mahan
U.S. District Judge

1    cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–

2    65, 167 L.Ed.2d 929 (2007).

3         Furthermore, although plaintiffs claim that they had seemingly no warning about defendant's

4    pending foreclosure until October 22, 2015, defendant provides ample documentation that it

5    recorded a notice of default and election to sell under the deed of trust on the property on June 24,

6    2015, received its State of Nevada foreclosure mediation certificate on September 11, 2015, and

7    recorded its notice of trustee's sale on September 28, 2015. The burden is on the movant both to

8    claim that the foreclosing party did not comply with state laws or the terms of the deed of trust and

9    then to demonstrate the likely success of those claims. Without any further elaboration or

10   documentation, plaintiffs have not demonstrated a likelihood of success on the merits.

11              *b.  Irreparable injury*

12        Plaintiffs contend that loss of real property constitutes irreparable harm. Indeed, "losing one's

13   home through foreclosure is an irreparable injury." *Wrobel v. S.L. Pope & Assocs.,* 2007 WL

14   2345036, *1 (S.D. Cal. 2007). Plaintiffs note that it is unlikely that they will be able to purchase

15   another home because "if the sale goes forward and ownership is taken from [p]laintiffs, they will

16   not, for many years qualify for financing or have purchasing power." (Doc. #1-2 Exh. 1).

17        Loss of a home is a serious injury. However, the record demonstrates that plaintiffs

18   experienced financial hardship and stopped paying their mortgage. Such resulting harm does not

19   alone merit injunctive relief. Plaintiffs' loss of property is admittedly solely due to plaintiffs' own

20   failure to make required payments. Plaintiffs cannot now complain that they will suffer irreparable

21   harm.

22              *c.  Balance of hardships*

23        The remaining equitable factors likewise support the court's denial of a preliminary injunction.

24   Plaintiffs fail to establish that the balance of harm weighs in their favor. Plaintiffs have been living

25   in the property without making required mortgage payments and have consequently received an

26   equitable benefit by residing in the property for free. The balance of equities favor defendant, who

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1   has not received contracted payment and who is contractually entitled to foreclose on the property

2   as a result of plaintiffs' default.

3          d.   *Public interest*

4          Plaintiffs do not even consider which outcome would advance the public interest. Enjoining a

5   valid trustee's sale does not serve the public interest. Lenders and secondary mortgage participants

6   alike cannot be barred from obtaining the value of the collateral for loans made to borrowers by

7   foreclosing upon their interest in the property they financed. The ramifications from such a policy

8   would harm both the residential mortgage and real estate markets. Liquidity in the mortgage

9   market would vanish and financial institutions would sustain significant loss from uncollectible

10  loans. Additionally, a liberal policy in favor of these injunctions could create a perverse incentive

11  for borrowers not to pay their loans if they are aware that any foreclosure proceeding can be

12  enjoined if they simply file suit against their lender.

13  **IV.    Conclusion**

14         While this court sympathizes with plaintiffs' plight, they have failed to meet the standard for

15  the extraordinary remedy a preliminary injunction represents.

16         Accordingly,

17         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for a

18  preliminary injunction (doc. # 1-2) be, and the same hereby is, DENIED.

19         DATED December 7, 2015.

20

21                                    UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**