UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES R. ROSENBERGER and GLORI W. ROSENBERGER, individually,<br><br>Plaintiff(s),<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE,<br><br>Defendant(s). | Case No. 2:15-CV-2107 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant Wells Fargo Home Mortgage's motion to dismiss. (Doc. #7). Plaintiffs James and Glori Rosenberger did not file a response, and the deadline to respond has now passed.

**I.     Background**

Plaintiffs James and Glori Rosenberger executed a promissory note and deed of trust in favor of Taylor, Bean, & Whitaker Mortgage Corp. in the amount of $181,000.00 on December 23, 2003, in order to finance the real property located at 1850 Wellington Court, Henderson, Nevada 89014 (the "property"). (Doc. #8 Exh. A). On or about April 15, 2008, Taylor, Bean, & Whitaker Mortgage Corp. executed an assignment of the deed of trust to Wells Fargo Bank, N.A. successor by merger to Wells Fargo Home Mortgage Inc., which was recorded on April 22, 2008. (Doc. #8 Exh. B). Sometime thereafter, plaintiffs "fell behind in their mortgage payments due to financial hardship." (Compl. ¶ 8).

As a result of plaintiffs' default and failure to meet their mortgage obligations, defendant recorded a notice of default and election to sell under the deed of trust on the property on June 24, 2015. (Doc. #8 Exh. C). It appears that plaintiffs elected to participate in the Nevada foreclosure

**James C. Mahan**
**U.S. District Judge**

mediation program. Ultimately, however, defendant received its State of Nevada foreclosure mediation certificate on September 11, 2015, stating that the beneficiary could proceed with the foreclosure process. (Doc. #8 Exh. D). Defendant recorded its notice of trustee's sale on September 28, 2015. (Doc. #8 Exh. E).

This court denied plaintiffs' motion for a preliminary injunction to enjoin defendant from foreclosing upon the property. (Doc. #10). Defendant now seeks dismissal for plaintiffs' single claim for injunctive relief. (Doc. #7).

## II.     Legal Standard

Pursuant to District of Nevada Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d).  However, the court will not automatically grant every unopposed motion.

Instead, the court must weigh the following factors before dismissing the action: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

## III.    Discussion

Defendant moves to dismiss plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6).  Defendant contends that plaintiffs' single claim for relief fails as a matter of law. (Doc. #7).

Having considered the motion and plaintiffs' complaint in light of the *Ghazali* factors, the court will grant the motion.  The court finds that the first three factors—the public's interest in expeditiously resolving this litigation, the court's interest in managing the docket, and the risk of prejudice to defendants—all weigh in favor of dismissal.  *See Ghazali*, 46 F.3d at 53; *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976) (holding that a presumption of injury arises from the occurrence of unreasonable delay).  The remaining factors are outweighed by the arguments supporting dismissal.

**James C. Mahan**
**U.S. District Judge**

1 Accordingly,

2 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss, (doc. # 7), be, and the same hereby is, GRANTED.

4 The clerk is instructed to close the case.

5 DATED February 24, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**